No. 69245.—Karl Schroff & Associates *v.* United States, protest 61/4502–11736 (Chicago).

FORD, Judge: The merchandise involved herein consists of parts of hydraulic pumps, which were assessed with duty at the rate of 13¾ per centum ad valorem, under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as parts, wholly or in chief value of metal, of articles having as an essential feature an electrical element or device, which provisions read as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

 Other (* * *) _____ 13¾% ad val.
Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part (not including X-ray tubes or parts thereof) _____ The same rate of duty as the articles of which they are parts.

It is the contention of plaintiff herein that neither the imported parts nor the pumps of which they are parts contain as an essential feature an electrical element or device and were, therefore, erroneously classified under the provisions of paragraph 353, as modified, *supra.*

It is, therefore, claimed that said parts are properly subject to classification under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, the pertinent portions of which read as follows:

Machines, finished or unfinished, not specially provided for:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

 Other (* * *) _____ 11½% ad val.
Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part_____ The rate for the article of which they are parts.

The record herein consists of the testimony of Mr. Howard F. MacMillin, who is connected with the actual importer herein, MacMillin Hydraulic Engineering Corp. The plaintiff herein, Karl Schroff & Associates, is the customhouse broker employed by the MacMillin firm. In addition to the testimony of Mr. MacMillin, there were received in evidence five plaintiff's illustrative exhibits, plaintiff's illustrative exhibits 1, 2, 3, and 5 being photographs of the two types of pumps, with which the involved merchandise is used, and plaintiff's illustrative exhibit 4 being a cross-sectional drawing of the inside view of an axial pump. The parts involved herein are for hydraulic pumps of the type known as in-line and axial pumps. The witness testified that all pumps must have a prime mover in order to operate; that the prime mover depends upon the circumstances of installation and might be a diesel engine, or a power takeoff from the engine of a truck; that many trucks, such as dump trucks, ready-mix cement trucks, snow-

plows, and earth-moving machines, have hydraulic features; that the prime mover might also be an electric motor; that the prime mover is attached to the input shaft of the pump through a flexible drive shaft coupling, which causes the pump to operate; that any source of power may be joined to the pumps without any modification of the pump, *per se*. Mr. MacMillin testified that the function of the pump is to convert the power from the prime mover into a fluid power energy. The pump causes the movement of fluid under pressure which is directed through various valves in the hydraulic system and which fluid ultimately does useful work; that all of the items covered by the invoices involved herein are essential parts of either in-line or axial pumps which he handles and which are manufactured by the Towler Bros. (Patents), Ltd.

Based upon the record, plaintiff contends that it has been established that the articles under consideration have no electrical features or elements and are, therefore, not provided for in paragraph 353.

The defendant, in its request to be relieved of filing a brief in this matter, concedes that the imported merchandise is controlled by the decisions in the cases of *United States* v. *Dryden Rubber Co.*, 22 CCPA 51, T.D. 47050; *United States* v. *Baker Perkins, Inc., et al.*, 46 CCPA 128, C.A.D. 714; *W. C. Sullivan & Company* v. *United States*, 46 Cust. Ct. 31, C.D. 2229; *Frank P. Dow Co., Inc., et al.* v. *United States*, 52 Cust. Ct. 235, Abstract 68234.

In view of the foregoing and following the principles enunciated in the cases cited herein, we hold the imported parts to be properly subject to classification under the provisions of paragraph 372 of the Tariff Act of 1930, as modified, *supra*, as claimed herein, at the rate of 11½ per centum ad valorem.

To the extent indicated, the specified claim in the above suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled.

Judgment will be entered accordingly.